UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/24/2026

KARLON ST. BERNARD,

Plaintiff,

-against-

N8N US INC, N8N UK LTD, and SARAH HARRISON, individually,

Defendant.

26-cv-06143-MKV

OPINION AND ORDER GRANTING MOTION TO REMAND

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Karlon St. Bernard ("Plaintiff") initiated this action by filing a *pro se* complaint in state court on June 17, 2026. [ECF No. 1-1]. On July 20, 2026, Defendants n8n US, Inc., n8n UK Ltd., and Sarah Harrison ("Defendants") removed the case to this Court, invoking its diversity jurisdiction. [ECF No. 1]. Now before the Court is Plaintiff's Motion to Remand seeking costs and expenses, [ECF No. 19], and Defendants' Response to this Court's Order to Show Cause as to why the action should not be remanded for lack of subject-matter jurisdiction. [ECF No. 25]. In determining whether diversity jurisdiction exists, this Court has considered the entire record before it.

For the reasons set forth below, Plaintiff's motion to remand the action to state court for lack of subject matter jurisdiction is GRANTED, Plaintiff's request for costs and expenses pursuant to 28 U.S.C. § 1447(c) is DENIED, and Defendants' request for jurisdictional discovery is DENIED.

## BACKGROUND

### I. Factual Background

Plaintiff is a U.S. Citizen who applied for a job with Defendant n8n US Inc. as a Senior Customer Success Manager. [ECF No. 1-1] ¶¶ 3, 26; [ECF No. 21] ¶ 3. Defendants are n8n US

Inc., n8n UK Ltd., and Sarah Harrison, an employee of n8n UK Ltd. [ECF No. 1-1] ¶¶ 15–17.[1] n8n US Inc. is a Delaware corporation with its principal place of business in Boston, Massachusetts. [ECF No. 8] at 1.[2] n8n UK Ltd. is incorporated in the United Kingdom where it also maintains its principal place of business. *Id.* Both n8n US Inc. and n8n UK Ltd. (collectively "n8n") are subsidiaries of n8n Gmbh, a German company. *Id.* Harrison is a citizen of the United Kingdom. [ECF No. 1] ¶ 10.

Plaintiff alleges that he previously worked with Harrison at Klaviyo Ltd. [ECF No. 1-1] ¶¶ 18–21. In his telling, Plaintiff was "targeted" by Harrison and subsequently terminated as "retaliation for raising legitimate compliance concerns about a colleague personally connected to Ms. Harrison, and differential treatment based on race." *Id.* ¶¶ 22–23. A few months later, in June of 2020, Plaintiff entered into a settlement agreement with Klaviyo Ltd. and its employees with "confidentiality and non-disparagement obligations." *Id.* ¶ 24.

In April of 2026, Plaintiff applied to work for n8n as a Senior Customer Success Manager, a remote position based out of New York. *Id.* ¶ 26. Plaintiff "progressed successfully through multiple rounds" of interviews, and on May 8, 2026, n8n verbally offered Plaintiff the position, which he orally accepted. *Id.* ¶¶ 27, 31. The hiring process went smoothly until Harrison allegedly "inserted herself into the hiring process . . . intending to weaponize her internal corporate leverage . . . to permanently derail Plaintiff's employment." *Id.* ¶ 34. Plaintiff's hiring became "explicitly contingent upon" meeting with Harrison, and at their meeting, Plaintiff was subjected to what he describes as "discriminatory, unlawful questioning" by Harrison. *Id.* ¶¶ 35,

---

[1] Defendants maintain that n8n US Inc. was "incorrectly named herein as n8n USA, Inc." [ECF No. 1] at 1. The Parties agree they are the same entity. *See* [ECF No. 21] ¶ 4.

[2] Page number citations reference the ECF-generated page number at the top of each page unless otherwise noted.

38. On May 22, 2026, n8n formally rejected Plaintiff's application for the Senior Customer Success Manager position. *Id.* ¶ 45.

## II. Procedural History

Plaintiff, proceeding *pro se*, filed a complaint against Defendants on June 17, 2026 in the Supreme Court of the State of New York, New York County. [ECF No. 1-1]. In his Complaint, Plaintiff alleges several causes of action under state and local—but not federal—law: "employment discrimination, retaliation, and tortious interference with prospective economic advantage in violation of New York City Human Rights Law (NYCHRL), New York City Administrative Code §§ 8-101 *et seq.*, and New York common law." *Id.* ¶ 1. Relying on diversity of citizenship, Defendants promptly removed the action into this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [ECF No. 1] at 1. In their Notice of Removal, Defendants claim there is complete diversity between the parties, alleging that Plaintiff is a citizen of New York; n8n US Inc. is a citizen of Massachusetts and Delaware; n8n UK Ltd. is a citizen of the United Kingdom; and Harrison is a citizen of the United Kingdom. *Id.* ¶ 10. Defendants allege that Plaintiff is a New York citizen based on the New York City address he listed "in both the signature block and the verification section of the Complaint." *Id.*

On July 23, 2026, this Court issued an order to "show cause why the Complaint should not be remanded to state court for lack of subject-matter jurisdiction." [ECF No. 12] at 2.[3] The same day, Plaintiff moved to remand the case for lack of subject matter jurisdiction. [ECF No. 19]. According to Plaintiff, he is a United States citizen and maintains a "true, fixed, and permanent home . . . in the United Kingdom." [ECF No. 21] ¶¶ 3, 7. Accordingly, Plaintiff avers he is

[3] The July 23, 2026 Order to Show Cause was inadvertently directed to Plaintiff. *See* [ECF No. 12] at 2. The Court later clarified that Defendants were ordered to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. *See* [ECF Nos. 16, 18].

"'stateless' for federal diversity purposes, destroying subject-matter jurisdiction under 28 U.S.C. § 1332." *Id.* ¶ 12. Plaintiff argues that since there is no other basis for federal jurisdiction, removal was improper, and requests payment of just costs and expenses under 28 U.S.C. § 1447(c). [ECF No. 20] at 6.

In their response, Defendants raise some new facts and insist that Plaintiff was domiciled in New York at the time of removal. [ECF No. 25] at 3–5. First, Defendants point to the Complaint. In the Complaint, Plaintiff self-identified as a Black British-American and set the place of trial as New York County. *Id.* at 3. Next, Defendants rely on Plaintiff's application to a New York-based position with n8n. Defendants point out that Plaintiff submitted a resume listing recent employment for a New York-based company and provided a phone number with a New York area code during his application process. *Id.* at 3–4. Finally, Defendants suggest that it is "difficult to reconcile" Plaintiff's assertion that he is domiciled in the United Kingdom with the fact that he previously described his schedule "in terms of New York time." *Id.* at 4. Defendants argue that these facts, taken together, suggest Plaintiff was domiciled in New York. *Id.* at 5. In the alternative, Defendants maintain that the record is inconclusive and request jurisdictional discovery or an evidentiary hearing. *Id.* at 7–8. They also insist that costs and expenses are inappropriate under 28 U.S.C. § 1447(c) because "the jurisdictional question here was genuinely complex," *id.* at 5, and removal was based on "an objectively reasonable, good-faith basis to assert that Plaintiff was domiciled in the State of New York." [ECF No. 25-1] ¶ 12.

## LEGAL STANDARDS

"[I]t is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 929 (2d Cir. 1998). Defendants invoke this Court's diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a). Federal courts have diversity jurisdiction in civil actions when the "matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). It is axiomatic that "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). "When diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." *Chapman v. Crane Co.*, 694 F. App'x 825, 828 (2d Cir. 2017) (summary order) (citation modified). Where, as here, Defendants invoke this Courts diversity jurisdiction, they "bear the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation modified). Indeed, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (citation modified). Domicile is not synonymous with residence. "[O]ne can reside in once place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Someone "may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992). "Until the new [domicile] is acquired, the old one remains." *Gutierrez v. Fox*, 141 F.3d 425, 428 (2d Cir. 1998) (citation omitted).

Importantly, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A United States citizen that "has no domicile in any State" is "stateless" and "destroy[s] complete diversity for purposes of § 1332(a)(3)." *Id.* at 828–29. Thus, "a suit by or against United States citizens domiciled abroad may not be premised on diversity." *Herrick Co.*, 251 F.3d at 322 n.4 (quotation omitted).

"Although a party's citizenship for diversity purposes is a mixed question of fact and law, the factual questions may be resolved by the court rather than a jury." *Lee v. Charles*, No. 12 Civ. 7374 (JFK), 2013 WL 5878183, at *2 (S.D.N.Y. Nov. 1, 2013) (citing *Palazzo ex rel. Delmage,* 232 F.3d at 42–43). Courts consider "factors including voting registration, employment, current residence, location of real and personal property, location of spouse and family, driver's license, automobile registration, tax payment and addresses, and location of a person's bank account." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013). Because the domicile inquiry is concerned with the intent of the parties, "declarations of intent by the person whose domicile is in question are given heavy, but not conclusive weight, especially, whereas here, there is no evidence tending to disclose a contrary intent." *Liem v. Ackerman*, No. 10 Civ. 9187 (KBF), 2012 WL 252120, at *2 (S.D.N.Y. Jan. 25, 2012) (citation modified).

Upon remand, the court "*may* require payment of just costs and any actual expenses." 28 U.S.C. § 1447(c) (emphasis added). Costs "should not be awarded when the removing party has an objectively reasonable basis for removal," absent unusual circumstances. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). This standard balances "the desire to deter removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 140. In deciding whether payment

of just costs is appropriate, Courts retain "a great deal of discretion and flexibility." *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order).

## <u>DISCUSSION</u>

### I. The Court Lacks Diversity Jurisdiction

This Court's jurisdiction turns on the simple question of whether Plaintiff is domiciled in New York, as Defendants insist, or in the United Kingdom, as Plaintiff maintains. If Plaintiff is domiciled in New York, complete diversity between parties exists, and removal was proper. *See Herrick Co.*, 251 F.3d at 322. Alternatively, as Defendants acknowledge, if Plaintiff is domiciled in the United Kingdom, diversity would be destroyed and this Court must remand the action to state court. *Id.* at 322 n.4.[4] Defendants have not met their burden to establish diversity jurisdiction by showing that Plaintiff is domiciled in New York.

Defendants argue that Plaintiff is domiciled in New York based on the signature block and verification contained in the Complaint, Plaintiff's job application file, and his communication with Defendants during his application process. [ECF No. 25] at 2–5. These facts, when viewed in light of the entire record, do not establish Plaintiff's domicile in New York. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (explaining that courts may consider both the pleadings and "other parts of the record" to determine whether subject-matter jurisdiction exists) (quotation omitted).

First, Defendants rely on the Complaint as evidence of New York citizenship. [ECF No. 25] at 3. In the Complaint, Plaintiff signs his name above a New York address, New York County

---

[4] Defendants concede that as a matter of law, if Plaintiff is domiciled in the United Kingdom, this Court cannot exercise diversity jurisdiction. *See* [ECF No. 25] at 5.

is set as the Place of Trial, and Plaintiff describes himself as British-American. [ECF No. 1-1] ¶¶ 3, 10; *id.* at 13, 14. While the Complaint includes a New York address for Plaintiff, it indicates that it was executed on June 17, 2026 in "London, United Kingdom." *Id.* at 13. None of these facts indicates that New York was Plaintiff's "true fixed home." *Palazzo ex rel. Delmage*, 232 F.3d at 42. Plaintiff explained in his declaration that he used an acquaintance's New York address "as a contact and mailing address in connection with" his job application, [ECF No. 21] ¶ 18, which the Court notes predated both the filing of the Complaint and the notice of removal, the operative points in time for this Court's jurisdictional analysis. Plaintiff continued to use this New York mailing address in filing his New York state lawsuit. [ECF No. 1-1] at 13, 14. However, this address "at most, suggests that Plaintiff is a resident of [New York]," but does not establish Plaintiff's domicile. *Orr v. PHH Mortg. Corp.*, 2:25-cv-424 (NJC) (ST), 2025 WL 929405, at *3 (E.D.N.Y. Mar. 26, 2025) (rejecting defendant's argument that address included in complaint was indicative of domicile).[5]

Similarly, alleging venue in New York state court does not indicate that New York is Plaintiff's domicile. New York Civil Practice Law and Rules Section 503 states that the "place of trial shall be in . . . the county in which a substantial part of events or omissions giving rise to the claim occurred; or . . . in any county designated by the plaintiff." N.Y.C.P.L.R. § 503(a). Indeed, Plaintiff's Complaint explicitly alleges venue in New York because the employment opportunity at issue "was a New York-headquartered, New York-tied position." [ECF No. 1-1] ¶ 10. Although Section 503 contemplates trial location based on residence, N.Y.C.P.L.R. § 503(a), Plaintiff does not lay venue on that basis. Even if he did, "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).

---

[5] In *Orr*, the complaint's verification signature was also notarized in the alleged state of domiciliary. 2025 WL 929405, at *3. Here, the Complaint was signed by Plaintiff in the United Kingdom. *See* [ECF No. 1-1] at 13.

Furthermore, Defendants assert that Plaintiff's self-identification as a British-American man "suggest[s] dual nationality and U.S. ties." [ECF No. 25] at 3. This may be true, but it indicates nothing about his domicile generally and even less about New York specifically. Even if the Complaint established Plaintiff's residence in New York (it doesn't), "residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

Second, Defendants argue that the information from Plaintiff's application for the Senior Customer Success Manager position with n8n supports New York citizenship. [ECF No. 25] at 3–4. Plaintiff's resume lists New York as his location and contains a New York phone number. [ECF No. 25-2] at 2. However, in today's world, "the need to examine a party's entire course of conduct takes on extra significance, as business can be . . . transacted remotely from varying locations worldwide." *Liem*, 2012 WL 252120, at *4. Indeed, Plaintiff was applying for a remote position, [ECF No. 1-1] ¶ 26, and he has held positions nominally located in at least three different countries and two different U.S. states in the past ten years. [ECF No. 25-2] at 2–3. The fact that Plaintiff's resume indicated employment at a New York-based employer from 2022 to 2025 is not "clear and convincing evidence" that Plaintiff was domiciled in New York during that period, much less *still* domiciled there at the time the suit was filed. *Liem*, 2012 WL 252120, *3. "[A] party's employment location is not dispositive of his or her domicile." *Money Tree Cap. Funding, LLC v. Money Tree Cap. Mkts. LLC*, 22-cv-10084 (ER), 2023 WL 7412278, at *7 (S.D.N.Y. Nov. 9, 2023). Plaintiff may have conducted business in New York in the past, and he may have hoped to do so in the future. This does not establish domicile in New York "at the time the case [was] removed to federal court." *Chapman*, 694 F. App'x at 828 (summary order) (quotation omitted).

Finally, Plaintiff's "pre-suit email communications" with Defendants do not prove New York domiciliary. *See* [ECF No. 25] at 4. In these communications, Plaintiff scheduled meetings "in terms of New York time." *Id.* This, Defendants argue, "reinforce[s]" the conclusion that Plaintiff was domiciled in New York. *Id.* It is unclear how this evidences New York as the place to which Plaintiff had the "intention of returning." *Palazzo ex rel. Delmage*, 232 F.3d at 42 (citation omitted). If anything, this supports the inference that Plaintiff felt it was necessary to clarify the applicable time zone because he was *not* in New York.

Plaintiff asserts in a sworn declaration that his "true, fixed, and permanent home" at the time of suit and removal was the United Kingdom. [ECF No. 21] ¶ 7. His declaration is "given heavy, but not conclusive weight." *Liem*, 2012 WL 252120, at *2 (citation omitted). Here, however, Plaintiff's declaration does not stand alone: He owns property and pays taxes in the United Kingdom, and he has a United Kingdom driver's license. [ECF No. 21] ¶¶ 8, 10, 21–24. He also asserts that his spouse and children live in the United Kingdom. *Id.* ¶ 8. This is all indicative of a United Kingdom domiciliary and wholly consistent with Plaintiff's statement of intent with regard to his domicile. *See Techno-TM, LLC*, 928 F. Supp. 2d at 697. The record viewed in its entirety indicates Plaintiff is a United States citizen domiciled abroad, which destroys any ability to maintain this action based on diversity. *Herrick Co.*, 251 F.3d at 322 n.4.

"Out of respect for the limited jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation modified). Thus, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). Defendants have not met their "burden of demonstrating that the grounds for diversity exist," so this action

must be remanded to state court. *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

## II. Jurisdictional Discovery is Unwarranted

Defendants request jurisdictional discovery or an evidentiary hearing if the "Court conclude[s] that the current record does not conclusively resolve the domicile question." [ECF No. 25] at 7. The briefing and extensive record now before the Court make clear that Plaintiff is domiciled in the United Kingdom. Because of federal courts' circumscribed jurisdiction, when a defendant's "notice of removal and underlying pleadings do not establish whether complete diversity exists between the parties," courts construe removal statutes narrowly and resolve all doubts against removability. *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617. Jurisdictional discovery is discretionary and "such discretion should be exercised with caution." *Id.* at 618.

Defendants argue that the difference between the Plaintiff's sworn statement—that he is not domiciled in New York—and the address on his Complaint and information in his job application file "creates an inconsistency" that warrants discovery. [ECF No. 25] at 7. Not so. On the contrary, as discussed, the record contains consistent evidence of United Kingdom domiciliary.

Accordingly, this Court will not prolong "preliminary litigation over the removal issue simply because [Defendants] failed in the first instance to aver a proper jurisdictional basis for removal." *Platinum-Montaur Life Scis.*, LLC, 943 F.3d at 617 (citation modified).

## III. Costs and Expenses

Plaintiff requests an award of costs and expenses under 28 U.S.C. § 1447(c). *See* [ECF No. 19]. The court may award costs if "the removing party [lacked] an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. The Court finds that costs and expenses are not

warranted in this case because Defendants had an objectively reasonable basis for removal at the time their notice of removal was filed.

Plaintiff's Complaint, resume, and interest in a New York-based position are objective indicia that *could* form a reasonable basis for removal. *See Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412, 414 (2d Cir. 2021) (summary order) (defendant's removal was objectively reasonable when "based on the information contained in the barebones summons"). Defendants "could reasonably infer" by "relying on the complaint" that complete diversity existed. *Acceleprise Accelerator Fund III, L.P. v. Alethea Tech PTE Ltd.*, 25 Civ. 2066 (VM), 2025 WL 3124311, at *2 (S.D.N.Y. Nov. 7, 2025) (citation omitted). Moreover, "[o]bjective reasonableness is evaluated based on the circumstances as of the time that the case was removed," *Williams*, 416 F. App'x at 99. As Defendants point out, they "did not have access to Plaintiff's UK property records, council tax statements, or driving license at the time of removal." [ECF No. 25] at 5. Defendants removed this case just over a month after the Complaint was filed and less than a month after all Defendants were served. [ECF No. 1] at 1–2. There is no reason to believe that this removal was "for the purpose of prolonging litigation," and as such, costs and expenses are unnecessary to deter removal in this posture. *Martin*, 546 U.S. at 140.

## **CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion to Remand is GRANTED, Plaintiff's request for costs and expenses is DENIED, and Defendants' request for discovery is DENIED.

Accordingly, it is hereby ORDERED that this action is REMANDED to the Supreme Court of New York, New York County, Index No. 157680/2026, for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully requested to remand and terminate the case, including all open motions.

**SO ORDERED.**

**Date: November 24, 2026**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge